UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **BAYAKS COUNTRY STORE LLC** | : | **DOCKET NO. 2:22-cv-04483** |
| **VERSUS** | : | **JUDGE JAMES D CAIN, JR** |
| **CERTAIN UNDERWRITERS OF LLOYDS LONDON, ET AL.** | : | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

This suit was filed on plaintiff's behalf by the firm McClenny Moseley & Associates, PLLC ("MMA"). Doc. 1. This was one of multiple cases filed by MMA on behalf of multiple plaintiffs leading to this court's taking steps to address what was perceived (and ultimately concluded) to be inappropriate conduct by MMA attorneys.[1] One such step was ordering the temporary suspension of Cameron Sean Snowden, MMA, and other attorneys affiliated with MMA from the practice of law in this district. *See* doc. 9.

In this case, Snowden and Michael S. Barcus were counsel of record for plaintiff, a juridical entity. After Snowden was temporarily suspended from practicing law in this district, Barcus filed a motion to withdraw as counsel of record. Doc. 11. However, an LLC "must be represented by licensed counsel" because such an entity is a fictitious legal person. *Turner v. American Bar Ass'n.*, 407 F. Supp. 451, 476 (N.D. Tex. 1975) (cited as a leading case on the issue in *Southwest Exp. Co., Inc. v. I.C.C.*, 670 F.2d 53, 55 (5th Cir. 1982)). Because Snowden was no longer authorized

---

[1] For a brief synopsis of the multiple cases filed in this district by MMA and the difficulties caused thereby, see Docs. 9, 10.

- 1 -

to practice in this court,[2] granting Barcus's motion would leave the juridical-entity plaintiff unrepresented. Doc. 12. Thus, we denied the motion to withdraw but indicated that we would allow Barcus to withdraw immediately if substitute counsel sought to enroll. *Id.*

Accordingly, we ordered that plaintiff retain new counsel to substitute for current counsel by November 13, 2023. *Id.* The order cautioned plaintiff that failure to retain substitute counsel would result in our issuing a recommendation that this matter be dismissed for failure to prosecute. *Id.* Plaintiff failed to enroll new counsel as ordered. Plaintiff has not contacted chambers regarding the case.

Rule 1 of the Federal Rules of Civil Procedure, defining the scope and purpose of the rules governing procedure in civil actions and proceedings, instructs us to construe, administer, and employ the rules "to secure the just, speedy, and inexpensive determination of every action and proceeding." Rule 41(b) of the Federal Rules of Civil Procedure "allows the district court to dismiss an action upon the motion of a defendant, or upon its own motion, for failure to prosecute." *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1190 (5th Cir. 1992); *see also Campbell v. Wilkinson*, 988 F.3d 798, 801 (5th Cir. 2021) (discussing *Berry*). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link v. Wabash R. R. Co.*, 82 S. Ct. 1386, 1388 (1962).

For these reasons, we **RECOMMEND** to the district court that this matter be **DISMISSED WITHOUT PREJUDICE** for plaintiff's failure to prosecute and abide by the orders of the court, and that the judgment provide that this civil action may be reinstated within 30 days for good cause

---

[2] Via electronic order, we terminated Snowden's designation as counsel of record because "he is presently not authorized to practice [in this] court." Doc. 12

shown, per W.D. La. Loc. Civ. R. 41.3, with any such showing to be made in writing and filed into the record of this matter.

Under the provisions of 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil Procedure, parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglas v. United Services Automobile Ass'n,* 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 27th day of December, 2023.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE